

**BEAUCHAMPS LLP**
RIVERSIDE TWO
SIR JOHN ROGERSON'S QUAY
DUBLIN 2, D02 KV60
IRELAND

Khan Johnson

New York
NY 10014

Sent by email to:

9 December 2022                         Our Ref: ENE/SED5/5

Re:   Our client: Sedecii Innovations Limited (the "Company") and its directors, Mr Robert Leslie, Mr Patrick Curry and Ms Christina Kaufmann

Dear Mr Khan,

We act for our above named clients and have been instructed to respond to your letter of 23 November 2022.

In that letter you set out a series of allegations, without providing any evidence or proof of such allegations. While we will deal with each of these allegations below, for the record our clients fully and completely deny and reject these allegations. They are baseless, invented and are entirely false. Our client's position is that there is no basis in law or in fact for these allegations and no wrongdoing or breach of any agreement or undertaking on the part of any and all of our clients.

You refer to a Summary of Terms of 10 September 2021 between Mr Leslie (for the Company) and certain proposed investors in the Company. That document was and is a heads of terms and as such was simply an agreement to agree and or put in place certain matters. One of those matters was an investment by the named investors for shares in the Company and your letter fails to set out that this investment of €610,000 was made pursuant to and in accordance with a legally binding subscription agreement dated 30 December 2021 (the "**Subscription Agreement**") which is an agreement subject to the laws of Ireland and subject to the exclusive jurisdiction of the Courts of Ireland. That Subscription Agreement, together with the shareholders' agreement of the same date (the "**Shareholders' Agreement**" and together with the Shareholders' Agreement, the "**Agreements**"), governs the terms and conditions of the investment you refer to and indeed contains the usual *"entire agreement"* clause. In addition there is no condition or covenant in the Agreements in relation to putting in place the Licence and exchange of tokens that you refer to. While at the time of entering into the Heads this was certainly an intention, it does not or cannot effect or have any bearing on the Agreements themselves, which are the entire agreement governing the subscriptions made into the Company.

In addition, while the Heads themselves are nothing more than a statement of intention and an agreement to agree, our clients have in the interim entered into a Secondment Agreement with the Nillion Network whereby certain Company employees have been working exclusively with Nillion on the Company Patented Intellectual Property, with a view to entering into a Licence of that IP, which would involve the issue of the Tokens you refer to and so allow the exchange you also refer to, to occur. However despite months of negotiating and extensive meetings (involving counsel on both sides) it has not been possible to reach an agreement on the Licence. This matter and these discussions are ongoing and indeed we have no doubt that your clients (certain of whom are investors also in the Nillion Network) are fully aware of the fact of these ongoing discussions. Your letter and baseless threats have only added to the difficulty in these negotiations and imperilled those negotiations.

9039039.1

**Partners:** John White (Managing), Imelda Reynolds (Chair), Caoimhe Banks, Barry Cahir, Daniel J. Cashman, Stuart Conaty, Máire Cunningham, Maureen Daly, Anne Doyle, Sharon Delaney, Edward Evans, Gerry Gallen, Paul Gough, Ainsley Heffernan, Emma Keegan, Pauline Louth, Edward Lyons, Damian Maloney, Aidan C. Marsh, Sandra Masterson Power, Dorit McCann, Conor McEvoy, Fidelma McManus, Emer Moriarty Crowley, Jeanne-Marie Moriarty, Ciara Murphy, Grace Murphy, Simon Murphy, Jacinta Niland, Pat Nyhan, Niall P. O Brien, Fiona O Connell, Maitiú Ó Dónaill, Thomas O Dwyer, Colm E. O'Keeffe, Shaun G. O Shea, Tony O Sullivan, Caroline Shanahan, Domhnaill Small, Richard Stowe, Clíodhna Walsh. **Consultants:** Mark Pery-Knox-Gore, Terence O'Keeffe.

Tel: +353 (0)1 4180600
Fax: +353 (0)1 4180699
DX No. 63
Email: info@beauchamps.ie
www.beauchamps.ie

Beauchamps LLP is an Irish law firm authorised by the Legal Services Regulatory Authority in Ireland to operate as a limited liability partnership under the Legal Services Regulation Act 2015.



In conducting these negotiations, Mr Leslie, as CEO and a director has fully briefed the Board of the Company and the Board is fully aware of the state and extent of the negotiations. There has been no alteration to any *"rights granted"* to IP investors to receive the tokens you refer to and, as set out above there are in fact no rights whatsoever arising from the Heads in any event in this regard. There therefore can be nor is there any failure to obtain any *"consent"* you refer to, this simply does not arise unless and until a Licence or other agreement is put in place in relation to these matters and any possible exchange of tokens as a result.

Finally, you refer to the investors' *"investigation"* into unspecified and generic claims of *"corporate malfeasance"*. There are of course no such matters to investigate, and your letter simply fails to set out any alleged wrongdoing or any relevant facts. Mr Leslie, again for the record, fully and completely denies any such alleged wrongdoing.

In addition, any such matters are of course matters of Irish law and can only be considered in such context and subject to the relevant Irish law for example our Companies Acts. Any such rights are also circumscribed by the existing Constitution of the Company and the Shareholders' Agreement.

In conclusion, our clients deny that there is nor can there be any breach of the Heads and deny any such claims and the claims of wrongdoing set out in your letter. Any dispute in relation to their investment in the Company is a dispute subject to Irish law and the jurisdiction of the Irish Courts.

In the event however that your clients attempt to pursue any action, whether under the Heads or otherwise then our clients will hold your clients fully liable for all costs and expenses and all losses incurred by them in the defence of such claims and will use this letter to seek to hold your clients so liable. In addition, our clients fully reserve all of their rights to take whatever action they are advised is appropriate including any counter claim for losses or damages in particular reputational damages and/or seeking injunctive relief to recover or prevent damages to the Company and its directors and again, our clients will hold your clients fully liable for all costs and expenses, including legal costs incurred in taking any such actions.

However, despite the obstacles presented in the course of the Licence negotiations, it is still the Company's desire to enter into a Licence agreement with Nillion which your clients are well positioned to ensure happens.

Yours sincerely

*Beauchamps LLP*

BEAUCHAMPS LLP