UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IP INVESTORS GROUP LLC,

                            Plaintiff,

-v-

SEDICII INNOVATIONS LIMITED, ET AL.,

                            Defendants.

23 Civ. 1094 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendants have moved to dismiss the operative First Amended Complaint in this action, Dkt. 24 ("FAC"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 26. Although no party has briefed this issue, upon the Court's review of the FAC, it is apparent that the plaintiff, IP Investors Group LLC ("IP Investors"), has not pled facts sufficient to supply Article III standing. Accordingly, for the reasons that follow, the Court will dismiss this action without prejudice to refiling this action, or bringing a new one, consistent with the standing requirement.

At the threshold of a lawsuit, a court must assure itself of its jurisdiction. *See United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170–71 (2d Cir. 2003). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Article III standing is a required element of subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Therefore, although the parties did not brief the issue of Article III standing, the Court is obliged independently to determine whether plaintiff IP Investors has standing to bring this suit. "To satisfy the irreducible constitutional

1

minimum of Article III standing, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the complained-of conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Strubel v. Comenity Bank*, 842 F.3d 181, 187–88 (2d Cir. 2016) (internal quotation marks omitted).

The FAC brings claims of fraudulent inducement, FAC ¶¶ 114–38, breach of contract, *id.* ¶¶ 139–49, breach of fiduciary duty, *id.* ¶¶ 150–62, and unjust enrichment, *id.* ¶¶ 162–72. The basis for these claims is that defendants failed to follow through on alleged verbal and later contractual promises to the effect that persons who invested in Sedicii Innovations Limited ("Sedicii") would be able to convert their Sedicii shares into valuable cryptocurrency tokens, *id.* ¶¶ 2–7. The sole plaintiff, IP Investors, however, is, as pled, not such an investor. Rather, it is a limited liability company "set up as a holding company by its Members – each of whom was a payor to Defendants pursuant to the same false representations with the same paperwork – to own the Integra Tokens that each Member would acquire had the Defendants complied with their obligations." *Id.* ¶¶ 9–10.

As an organizational plaintiff rather than an individual, IP Investors must necessarily proceed on a theory either of organizational, or associational, standing. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 341–44 (1977). Under the organizational theory of standing, "an association may have standing in its own right to seek judicial relief to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Under the associational theory, "an association has standing to bring suit on behalf of its members." *Hunt*, 432 U.S. at 343. Under either theory, however, IP Investors has not pled facts supporting its standing to bring this action.

***Organizational standing***: As to organizational standing, the only relevant averment in the FAC is the following: "Rather than engage in holding and potentially investing with the Integra Tokens, the Plaintiff's business has been diverted to the enforcement of its Members' rights as against the Defendants for Defendants' torts against Plaintiff's Members." FAC ¶ 11. The FAC's elusive generalization about the "diversion" of IP Investors' "business" as a result of the torts defendants allegedly carried out against IP Investors' members does not plead a concrete and particularized injury-in-fact sufficient to support Article III standing.

To the extent the FAC's reference to "diversion" may mean to convey that IP Investors has been forced to spend time and attention attending to Members' legal problems, the FAC's terse and hazy sentence does not say that. And a generalized allegation about a diversion of time, without more, would not plead a cognizable Article III injury. *See, e.g., Grinblat v. Frontline Asset Strategies, LLC*, No. 22 Civ. 4467 (NSR), 2023 WL 5002474, at *3 (S.D.N.Y. Aug. 4, 2023) (conclusory allegations of wasted time could not establish injury-in-fact); *Ross v. Cavalry Portfolio Servs., LLC*, No. 23 Civ. 1113 (KAM) (VMS), 2023 WL 7031932, at *4 (E.D.N.Y. Oct. 26, 2023) (same).

To the extent the FAC's reference to "diversion" may mean to refer to a diversion of things of value, the FAC does not plead that any things of value *of IP Investors* have been affected by defendants' allegedly unlawful conduct. "As a general rule, the 'injury-in-fact' requirement means that a plaintiff must have personally suffered an injury." *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008) (citing *Lujan*, 504 U.S. at 560 n.1.); *see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) ("Art[icle] III requires the party who invokes the court's authority to show that he personally has suffered some actual or

3

threatened injury as a result of the putatively illegal conduct of the defendant."). The FAC pleads that IP Investors' function was to invest crypto tokens that *its members* were to have received from the conversion of Sedicii shares. FAC ¶¶ 10–11. But as pled, IP Investors, as a result of defendants' allegedly unlawful activity, never received any such crypto tokens, let alone tokens belonging to it, to invest. The FAC's generalization about a "diversion" of IP Investors' "business" does not coherently plead the diversion of the organization's money or assets.

To the extent the FAC's reference to "diversion" may mean to convey that IP Investors was unable to attend to its other business interests, the FAC does not plead that IP Investors had any "established organizational interests" or "current activities" other than to invest members' crypto tokens. *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110–11 (2d Cir. 2017). To plead an injury supporting organizational standing, a complaint must plead a perceptible impairment to an activity the organization had regularly or historically pursued prior to the challenged act. *See Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 174–75 (2d Cir. 2021). There is no such pleading here. And IP Investors bringing of this lawsuit to vindicate its members' rights would not support its organizational standing, either. *See In Re South Africa Apartheid Litig.*, 617 F. Supp. 2d 228, 296 (S.D.N.Y. 2009) (organization formed in response to underlying events of case could not claim standing on account of allocation of resources to prosecute case); *Pen American Center, Inc. v. Trump*, 448 F. Supp. 3d 309, 325 (S.D.N.Y. 2020) ("Defendant's challenged activities have not impeded Plaintiff's core activities, but have refocused and perhaps enlarged them.").

At bottom, the FAC does not allege a concrete injury to IP Investors itself that is not solely derivative of an injury suffered by its members. The FAC all but admits this. FAC ¶ 10 ("Plaintiff's business has been diverted to the enforcement of *its Members' rights as against the*

*Defendants*" (emphasis added)). Such does not establish organizational standing. *See Rynasko v. N.Y.U.*, 63 F.4th 186, 193–95 (2d Cir. 2023) (parent did not have standing to bring breach of contract and unjust enrichment claims despite paying child's tuition as parent, a third party to the student's contract with the university lacked a personal, legally protected interest in matter).

***Associational standing***: To establish associational standing, an organizational plaintiff must show that "(1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt*, 432 U.S. at 343.

IP Investors fails the third requirement of the *Hunt* test. Its FAC exclusively seeks compensatory relief in this action for its members, measured as "not less than its Members' proportional amount of the total damages." FAC at 31. Tabulating the members' entitlement to compensatory damages necessarily involves individualized proof, requiring members' individual participation. *See, e.g., Irish Lesbian & Gay Org v. Giuliani*, 143 F.3d 638, 651 (2d Cir. 1998) (request for compensatory damages requires participation of group's individual members); *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248 (S.D.N.Y. 2018) (same); *cf. Bano v. Union Carbide Corp.*, 361 F.3d 696, 714 (2d Cir. 2004) ("[W]here the organization seeks a purely legal ruling without requesting that the federal court award individualized relief to its members, the *Hunt* test may be satisfied."). The FAC does not plead any facts distinguishing this situation from those in the above cases.

Indeed, IP Investors appears to have recognized that the FAC was on thin ice in pursuing associational standing. It pleads: "To the extent that this Honorable Court were to determine that the Plaintiff has no associational standing with respect to the claims in the First Amended

5

Complaint, the Plaintiff will amend, with leave of Court if required, to sue directly in the name of its Members." FAC ¶ 11.

Having so found, the Court, consistent with this request and governing legal authority, dismisses the action for lack of Article III standing, without prejudice to filing an amended complaint or new lawsuit. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice[.]"). A new such pleading may attempt to fortify the claim of organizational standing, or, as the FAC envisioned, bring claims on behalf of IP Investors' members. In the event an amended complaint is filed, the Court's intention would be to put in place an expedited schedule for briefing any motion to dismiss.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: February 22, 2024
       New York, New York