UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**IP INVESTORS GROUP LLC,**

                Plaintiffs,

~ *against* ~

**SEDICII INNOVATIONS LIMITED;**
**ROBERT LESLIE** *as Trustee of the Employee Share Participation Program;*
**ROBERT LESLIE,** *personally*;

                Defendants,

**Case No.:  1:23-cv-01094-PAE**

# MEMORANDUM OF LAW *by*
# PLAINTIFFS *in Support of*
# MOTION FOR LEAVE TO SERVE SECOND AMENDED COMPLAINT AND EXPEDITED BRIEFING ON UPCOMING MOTION TO DISMISS

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiffs*

i

## **Table of Contents**

| | | |
|---|---|---|
| **A.** | **Table of Contents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii |
| **B.** | **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 |
| **C.** | **Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 |
| **D.** | **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 |
| | I. Rule 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 |
| |     a. Leave Freely Given "when Justice So Requires". . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 |
| |     b. Lack of Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 |
| |     c. Lack of Undue Delay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 |
| | II. Expedited Briefing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |
| **E.** | **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |

# **Table of Contents**

**US SUPREME COURT CASES**

*Foman v. Davis*,
    371 U.S. 178; 83 S. Ct. 227; 9 L. Ed. 2d 222 (1962) ............................................................. 2

**FEDERAL CASES**

*Bay Harbour Management, LLC v. Carothers*,
    474 F.Supp. 2d 501 (S.D.N.Y. 2007) ..................................................................................... 4

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007) ................................................................................................... 3

*Stanley v. Cuny, Case*,
    No. 18-cv-4844; Stanley,
    2022 U.S. Dist. LEXIS 247502 (2022) ................................................................................ 2

*Vasto v. Credito (USA) LLC, Case*,
    No. 15 Civ. 9298; 2016 U.S. Dist. LEXIS 93099 (S.D.N.Y. July 18, 2016) ....................... 2

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 15(A)(2) ........................................................................... 2

C.     **Introductory Statement**

An Amended Complaint filed by the Plaintiffs' predecessor, IP Investors Group LLC, was dismissed without prejudice for lack of Standing, See Order at ECF 36, and published at *IP Invs. Grp. LLC v. Sedicii Innovations Ltd.*, Case No. 23-cv-1094, 2024 U.S.Dist. LEXIS 30651 (S.D.N.Y. Feb. 22, 2024). After consultations, the underlying members, with one exception, now intend to move forward with their Second Amended Complaint, a copy of which, as the Plaintiffs intend to file if leave is granted, is annexed as Exhibits A-E to this Memorandum.

Consistent with His Honor's Order, Fed. R. Civ. P. 15, and in the interest of judicial economy, the Plaintiffs respectfully seek leave to now move forward with the Second Amended Complaint as more fully described below, and request an expedited briefing schedule on the anticipated Motion to Dismiss.

D.     **Procedural Background**

This matter was originally filed on February 9, 2023 (ECF 6), and the Defendants were served consistent with the Republic of Ireland's non-objection to Article 10(a) of the Hague Convention on the Service of Judicial Documents Abroad (ECF 14).

A First Amended Complaint was docketed on July 11, 2023 (ECF 24) and the Parties then briefed the Court on a Motion to Dismiss (ECF 26, *et seq.*).

This Honorable Court granted the Motion to Dismiss on the basis of lack of Standing of IP Investors Group LLC as an entity, without prejudice.

The Members of the LLC, with one exception and who is not proposed as a Plaintiff in the Second Amended Complaint, now move to sue in their personal capacity.

1

**E.     Argument**

    **I.     Rule 15**

        **a.     Leave Freely Given "when Justice So Requires"**

Fed. R. Civ. P. 15(A)(2) provides that a party may amend its pleading with the Court's leave, and that "[t]he court should freely give leave when justice so requires."

As this Court noted:

> "The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' "

*Stanley v. Cuny*, Case No. 18-cv-4844, 2022 U.S. Dist. LEXIS 247502, at *2 (S.D.N.Y. July 22, 2022) *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Justice requires leave for an amendment in this case, because the putative Plaintiffs have now set themselves up to sue in their personal capacity and it would serve the interests of judicial economy to have this case proceed here.

        **b.     Lack of Prejudice**

"The nonmoving party has the burden to show any prejudice of the proposed amendment." *Stanley*, 2022 U.S. Dist. LEXIS 247502, at *2 *citing Vasto v. Credito (USA) LLC*, Case No. 15 Civ. 9298 (PAE), 2016 U.S. Dist. LEXIS 93099, at *1 (S.D.N.Y. July 18, 2016), and they cannot meet that burden here.

The Second Amended Complaint alleges wrongdoing going back to September 2011, and the claims for Fraud and Breach of Contract are well within the Statute of Limitations.

In addition, service in this case, should it be brought under a new case number, can be effected by mail pursuant to Ireland's non-objection to Article 10 of the Hague Convention. Were the Court to deny this Motion for Leave, the lawsuit would proceed anyways and moving forward in this action is in the interest of judicial economy of avoiding the need for a new case and then a Motion to Consolidate, and other procedural niceties that can be accomplished by simply serving an Amended Complaint.

### c.     Lack of Undue Delay

This Court has noted that "good cause" turns on the "diligence of the moving party", *Stanley, Id.* at *2. The Court noted that while the "diligence of [a] moving party [is the] 'primary consideration' [it is] not 'the only consideration'" *Stanley, Id.* at *2 *citing Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Now it is true that this Motion is brought a number of months after the First Amended Complaint was dismissed. But for the Court's consideration:

1. As described above, there is no prejudice to the Defendants by this later-filed pleading, which (were this Motion denied) would proceed anyways within the Statute of Limitations and without issues related to service of process;

2. Unlike *Stanley*, we understand that no "deadline" was provided for the moving party to file an amended pleading. Unlike *Stanley*, the Plaintiff has not blown through deadlines and "no further extensions" orders, as was the case in *Stanley*. For that reason, we would argue that while it is a number of months after the First Amended Complaint, that should not be the deciding factor in whether to grant this Motion because there has been no undue delay.

3

3. Unlike *Bay Harbour Management, LLC v. Carothers*, 474 F.Supp. 2d 501, 503 (S.D.N.Y. 2007) (quoted in *Stanley*) this is not the case where there is no explanation for the delay. In this case, the numerous parties were required to digest and review the decision on the prior Motion to Dismiss, decide whether to proceed individually (and not jointly as an LLC – and indeed one member did not join this lawsuit), and otherwise make arrangements to move forward. In other words, unlike *Bay Harbour* there is a sufficient explanation, namely the need to completely rethink the lawsuit, its procedural posture, and the new Plaintffs role in the case.

For these reasons, despite this Motion being made a number of months after the original Motion to Dismiss was issued, the Plaintiff/s respectfully submit that there will be no prejudice to the Defendants by the granting of this Motion, the Plaintiff/s have not blown through deadlines, and there is an explanation for the delay.

## II.     Expedited Briefing

This Court indicated that the substance of the Plaintiff/s claims having been briefed in the Motion to Dismiss the First Amended Complaint, that the Court is inclined to issue an expedited briefing schedule on any anticipated Motion to Dismiss related to this Second Amended Complaint. We would therefore ask that if Leave is granted, that the Honorable Court also issue an expedited briefing schedule on any anticipated Motion to Dismiss.

DATED:	**DECEMBER 11, 2024**

          RESPECTFULLY SUBMITTED,

By:  *[signature]*

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 11, 2024, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the counsel of record by electronic means: